# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 50143 | **DATE** | 2/22/2011 |
| **CASE TITLE** | Graves vs. State of Illinois Dept. Of Children & Family Services | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendant's motion to dismiss is granted. The IHRA claims in Counts I-IV are dismissed without prejudice.

*Philip G. Reinhard*

■ [ For further details see text below.]

Electronic Notices.

## STATEMENT - OPINION

    Defendant, State of Illinois Department of Children & Family Services, moves to dismiss the claims of plaintiff, Leisa Graves, which she brings under the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq. ("IHRA")[1] These IHRA claims are for age (Count I), gender (Count II), and race (Count III) discrimination as well as retaliation (Count IV). Defendant argues the court lacks subject matter jurisdiction over these claims because the State of Illinois has not waived sovereign immunity for IHRA claims.

    The Illinois State Lawsuit Immunity Act, 745 ILCS 5/1 provides that "[e]xcept as provided by the Illinois Public Labor Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, Section 1.5 [745 ILCS 5/1.5] of this Act, and, except as provided in and to the extent provided in the Clean Coal FutureGen for Illinois Act, the State of Illinois shall not be made a defendant or party in any court." Specific exceptions to this prohibition are listed in 745 ILCS 5/1.5 for certain actions by state employees but actions under the IHRA are not among them. "[U]nder <u>Erie</u> state rules of immunity are binding in federal court with respect to state causes of action." <u>Omosegbon v. Wells</u>, 335 F.3d 668, 673 (7th Cir. 2003) (citations and internal quotation marks omitted). Because Illinois law prohibits the State of Illinois from being a defendant in an action under the IHRA, plaintiff cannot pursue these claims in this court. <u>Harris v. Illinois</u>, No. 09 CV 3071, 2010 WL 4671272 (N.D. Ill. Nov. 9, 2010) (Lefkow, J.); <u>Neuman v. United States</u>, 07 CV 0362, 2008 WL 3285761 (S.D. Ill. Aug. 7, 2008) (Reagan, J.).

    Plaintiff contends that defendant waived its Eleventh Amendment immunity when it removed this case from state court. However, the Eleventh Amendment is not the issue here. Plaintiff relies on <u>Lapides v. Bd. of Regents</u>, 535 U.S. 613 (2002). But, in <u>Lapides</u>, the State of Georgia conceded that a Georgia statute had waived sovereign immunity from state-law suits in state court for the relevant claims. <u>Lapides</u>, 535 U.S. at 616. The issue was whether, given this waiver, the Eleventh Amendment precluded suit in federal court anyway despite Georgia's removal of the case to federal court.

    Here, the Eleventh Amendment is not the issue concerning the IHRA claims. It is a question of state law immunity rules. Before reaching the applicability of the Eleventh Amendment the court must determine

## STATEMENT - OPINION

whether Illinois state-law immunity rules would allow an IHRA action against the defendant in an Illinois court if this case had not been removed to federal court. See Omosegbon, 335 F.3d at 673. As discussed above, the answer to this question is "no." Therefore, defendant's removal of this action to federal court did not render it subject to claims under the IHRA in this court. Unlike in Lapides, the subject claims here (the IHRA claims) could not be brought in state court because state law prohibits such actions.

For the foregoing reasons, defendant's motion to dismiss is granted. The IHRA claims in Counts I-IV are dismissed without prejudice.

1. Plaintiff's third-amended complaint also contains federal claims in the same four counts that defendant does not seek to dismiss.